UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-6690 FMO (JCx) | Date | August 18, 2025 |
|---|---|---|---|
| Title | Dana Hughes v. Atlassian US, Inc., et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorney Present for Plaintiff(s): | Attorney Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   (In Chambers) Order to Show Cause Re: Remand

On July 22, 2025, Dana Hughes ("plaintiff") filed, on behalf of himself and other similarly situated, filed a Complaint in this court against defendants Atlassian US, Inc. ("defendant") and Does 1 through 15.  (See Dkt. 1, Complaint at ¶¶ 9-11).  However, the jurisdictional allegations appear to be defective because subject matter jurisdiction is asserted on the basis of California Constitution, article VI, section 10.  (See Dkt. 1, Complaint at ¶ 3).

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994).  The courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record.  DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n. 3, 126 S.Ct. 1854, 1861 (2006).  Federal courts have a duty to examine jurisdiction sua sponte before proceeding to the merits of a case, see Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583, 119 S.Ct. 1563, 1570 (1999), "even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514, 126 S.Ct. 1235, 1244 (2006).  Indeed, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3); see Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002) ("Federal Rule of Civil Procedure 12(h)(3) provides that a court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action, even on appeal.") (footnote omitted).

Federal subject matter jurisdiction may be established on two grounds:  (1) federal question jurisdiction under 28 U.S.C. § 1331; and (2) diversity jurisdiction under 28 U.S.C. § 1332.  A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between . . . citizens of different States" or "citizens of a State and citizens or subjects of a foreign state[.]"  28 U.S.C. §§ 1332(a)(1)-(2).  But plaintiff has failed to invoke any proper grounds for federal subject matter jurisdiction.

Based on the foregoing, IT IS ORDERED THAT:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 25-6690 FMO (JCx)** | Date | **August 18, 2025** |
|---|---|---|---|
| Title | **Dana Hughes v. Atlassian US, Inc., et al.** | | |

    1.  No later than **August 25, 2025**, plaintiff shall file a First Amended Complaint that sets forth a proper basis for federal subject matter jurisdiction.

    2.  Plaintiff is admonished that failure to file the First Amended Complaint by the deadline set forth above will result in dismissal of the action for lack of prosecution and/or failure to comply with the orders of the court.  See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962).

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | vdr | |